**SCHAEFER, Plaintiff-Appellant, v WINKLER, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6947.   Decided April 26, 1948.

Bates, Skirvin & Varnau, Cincinnati, for plaintiff-appellant.

Dale & Dale, Cedric Vogel, Cincinnati, for defendant-appellee.

## OPINION

By THE COURT:

This is an action by a real estate agent to recover a commission for finding a purchaser for real estate under a contract of employment by the defendant.

In his amended petition the plaintiff alleged the defendant "orally agreed for obtaining a purchaser for said property to pay him a commission of five (5) per cent of the sale price of the property." In substance, he alleged that he found the purchaser to whom the defendant sold the property for $28,000.00, upon which amount he alleged his commission should be calculated. The defendant denied the employment and all other allegations.

The trial court sustained a motion for an instructed verdict at the close of the plaintiff's evidence. Judgment was entered on the verdict, a motion for a new trial was overruled, and this appeal to this court was taken.

There is evidence in the record that the plaintiff introduced a Mr. Makstaller to the defendant as a prospective purchaser, and there is also evidence tending to prove that the person who purchased the property from the defendant was in fact acting for Makstaller. There is no evidence that the plaintiff knew anything about the sale at or before it was consummated. And there is no evidence that the plaintiff ever submitted any offer on behalf of Makstaller or any one else.

The plaintiff was the only witness who testified to the terms of an employment. On this subject, he testified to a conversation between him and defendant as follows:—

"He said, 'Well, the third building is now for sale. I am asking around thirty thousand. If you will bring me an offer around that I will pay you the legal Real Estate Board fee of commission.' I says, 'All right.'

\* \* \* \* \*

"the following Monday I called Mr. Winkler. I said, 'Mr. Winkler, this is Mr. Schaefer talking. We had the Makstallers over to the residence yesterday.' He says, 'Yes, that's right.' He says, 'What are you quoting on the house?' I says, 'We are quoting Thirty Thousand Dollars.' I says, 'Now we would like to get in the property at Five o'clock. Where would we get the key? Mr. Dunlap will bring them back at five o'clock.' He says, 'Mr. Schaefer, I will meet you there at five o'clock and let you in.' 'All right,' I says, 'Now we are quoting the property at thirty thousand, and they want to make a trade.' I says, 'We may take their property in if we can come to terms.' I said, 'What is the least possible price you will take and pay a commission?' Mr. Winkler says, 'Mr. Schaefer, the least possible price I will take from any one and pay the legal commission of five per cent is Twenty-Nine Thousand Three Hundred.' I says, 'All right, Mr. Winkler, that is fine.' "

The property was sold for $28,300.00. The question is, whether construing the evidence most favorably to the plaintiff, there was any substantial evidence to support the plaintiff's claim to a commission on this sale.

It will be observed that according to the plaintiff's own testimony his commission was expressly made dependent upon a sale of $29,300.00. It will also be noted that plaintiff never produced a purchaser willing to pay that amount and that the

sale was for less. These facts bring the case within the rule stated in the first paragraph of the syllabus to **Dethloff v Starbuck, 116 Oh St, 29**, which is:

"A contract between the owner of real estate and a real estate broker that the latter shall find a purchaser therefor at a named price net to the owner does not entitle the broker to recover commission from the owner unless and until the broker procures a purchaser ready, able, and willing to take the property at a price sufficiently in excess of the owner's net price to cover the broker's commission."

See, also: **6 O. Jur., 224**; 6 Am. Jur., (sec. 190) 1102.

The evidence shows no exclusive agency and no employment or authorization other than at will. The defendant was, therefore, free to sell the property himself or through another broker at any time without incurring any liability to pay the plaintiff a commission. The only limitation upon his freedom in this respect was that he should not take advantage of the plaintiff's services by knowingly selling, either directly or indirectly, to a purchaser found by him. In this case the proof is conclusive that the ostensible purchaser was not produced by the plaintiff but that such ostensible purchaser did have some kind of an understanding or agreement with the plaintiff's customer as soon as she acquired title, and that she did transfer it to him almost at once. That, however, falls short of tending to prove that the defendant was a party to, or knew of this arrangement at the time he entered into the contract to sell. We have searched the record for evidence tending to charge him with knowledge and have reached the conclusion that there is no substantial evidence upon which such an inference could be predicated. We are, therefore, of the opinion that the plaintiff could only recover by proving that he had produced a purchaser ready, willing, and able to pay $29,300.00 for the property in accordance with his authorization to sell, and upon which his right to a commission depended. This, he failed to do.

For these reasons, we find that the trial court did not err in sustaining the defendant's motion for an instructed verdict. Nor do we find any other error in the record.

The judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.